**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SEGUNDO SERGIO MONTERO MONTERO,<br><br>            *Petitioner,*<br><br>      v.<br><br>LUIS SOTO, in his official capacity as Warden of the Delaney Hall Detention Facility; et al.,<br><br>            *Respondents.* | No. 26-cv-07365 (MEF)<br><br><br>**OPINION and ORDER** |

\*     \*     \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\*     \*     \*

The Petitioner[1] is in the custody of federal immigration officials and has filed a habeas corpus petition, seeking release.  See Verified Petition for Writ of Habeas Corpus ("Petition") (ECF 1).

For their part, the Respondents[2] have laid out four reasons why the petition should be dismissed.  See Expedited Answer to Petition ("Answer") (ECF 7) at 2-3.

Three of these do not work.

As to the fourth, before the Court can meaningfully consider the relevant issues, the Respondents must engage with the substance of the Petitioner's arguments.

---

[1]  Segundo Sergio Montero Montero.

[2]  Various federal officials: Luis Soto, Arthur Wilson, Todd Lyons, Markwayne Mullin, and Todd Blanche.  The titles of these officials are in the case caption.

Walk through all of this, just below.

                    *     *     *

First, the Respondents argue that the petition should be dismissed under "the abuse of [the] writ doctrine."  Answer at 2 (cleaned up).

The doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991).

The habeas petition before the Court is the Petitioner's second. See Petition for Writ of Habeas Corpus ("Prior Petition"), Montero Montero v. Delaney Hall Detention Facility, No. 2:26-cv-05036-MEF (D.N.J. May 5, 2026) (ECF 1).

But the fact that a habeas petitioner has filed more than one petition does not automatically mean the abuse-of-the-writ doctrine is in play.

Rather, the doctrine has a role only where a habeas petitioner is pressing claims that "could have been raised in an earlier habeas corpus petition."  Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992).

That is not this case.

The two claims in the current habeas petition turn on the amount of time the Petitioner has been detained.  See Petition ¶¶ 55-61; see also id. ¶¶ 26-37.  The argument is that because the Petitioner "has now remained detained for more than six months," "[h]is detention has become unreasonably prolonged."  Petition ¶ 3; see also Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (holding that immigration detention of up to six months is presumptively reasonable).

But when the first habeas petition was filed, the Petitioner had not, at that point, been detained for more than 6 months.  See Prior Petition at 26 (listing a date of April 21, 2026 --- just under five months after the Petitioner was first detained).

A Zadvydas detained-for-more-than-six-months-claim "could [not] have been raised in [the] earlier habeas corpus petition," Wise, 958 F.2d at 34, because at that point the Petitioner had not been detained for six months.

                         2

Pressing a claim that could not have been brought before --- that is not abuse of the writ.

\*     \*     \*

The Respondents' second argument is that "the [p]etition does not present a live case or controversy."  Answer at 2.

But why not?   The Petitioner is in custody and is seeking release.  The Respondents are aiming to keep him detained.  That is plainly a "live case or controversy."[3]

\*     \*     \*

Third, the Respondents argue that "to the extent [the] Petitioner contends that the immigration judge's [prior] denial of his bond was erroneous, the Court should dismiss the Petition because this Court does not have jurisdiction to review that decision."  Answer at 2-3.

But this is off point.  As noted, the Petitioners' two claims are about prolonged detention, see Petition ¶¶ 55-61, not a prior bond decision.

\*     \*     \*

Come then to the Respondents' fourth and final argument for dismissing the Petition.

Per the Respondents, because the Petitioner is detained under 8 U.S.C. § 1226(a), a prolonged detention claim cannot go forward. See Answer at 3.

In Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3d Cir. 2018), the court of appeals indicated that there was "no authority . . . to suggest that duration alone can sustain a due process challenge by a detainee who has been

---

[3]  The Respondents seem to base their argument on Burkey v. Marberry, 556 F.3d 142 (3d Cir. 2009).  See Answer at 2.  But that case involved a petitioner who had already been released. See Burkey, 556 F.3d at 144 ("The question presented by this appeal is whether [the] appellant['s] . . . release from . . . custody caused his pending habeas corpus petition --- which challenged the . . . failure to grant him early release --- to be moot because it no longer presented a case or controversy under Article III . . . .").

afforded the process contemplated by § 1226(a) and its implementing regulations." Id. at 277.

Borbot suggests that the Respondents likely have it right, and points in the direction of dismissing the petition.

But the Petitioner argues against the Respondents' reading of Borbot based on two subsequent Third Circuit decisions. See Petition ¶¶ 40-41 (citing German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203 (3d Cir. 2020) and Gayle v. Warden Monmouth County Correctional Facility, 12 F.4th 321 (3d Cir. 2021)); see also Petitioner's Reply at 5-8 (invoking possibles bases on which to distinguish Borbot).

In their response, the Respondents do not address these arguments. See Petitioner's Reply at 7 (noting this). They must do so.

The Respondents shall file a letter brief on or before July 20 at 10:00am addressing the Petitioner's arguments at ECF 1 and ECF 8 for why Borbot does not control here.

IT IS on this 15th day of July, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

4